```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

            v.                      16 Cr. 342 (SHS)

ALEX LICHTENSTEIN,
                                    Plea
            Defendant.

------------------------------x

                                    New York, N.Y.
                                    November 10, 2016
                                    11:30 a.m.

Before:

        HON. SIDNEY H. STEIN

                                    District Judge




        APPEARANCES


PREET BHARARA
    United States Attorney for the
    Southern District of New York
RUSSELL CAPONE
LAUREN SCHORR
    Assistant United States Attorneys


RICHARD FINKEL
    Attorney for Defendant
```

1           (Case called)

2           THE CLERK:  Counsel, please state your names for the

3   record.

4           MR. CAPONE:  Russell Capone and Lauren Schorr for the

5   government.  Good morning, your Honor.

6           THE COURT:  Good morning.

7           MR. FINKEL:  Good morning, your Honor.  Richard A.

8   Finkel for Mr. Lichtenstein, who is standing next to me.

9           THE COURT:  Good morning.  Do you have an application,

10  Mr. Finkel?

11          MR. FINKEL:  Yes, your Honor.  At this time, pursuant

12  to a plea agreement that we have entered into with the United

13  States Attorney's office, I would like to withdraw my client's

14  previously entered plea of not guilty and we would like to

15  proceed with proceedings on a plea of guilty, your Honor.

16          THE COURT:  Is the agreement that you are talking

17  about the agreement that I find on my bench dated November 8th,

18  a six-page letter to yourself signed by Mr. Capone and others?

19          MR. FINKEL:  Yes, your Honor.

20          THE COURT:  Let me take a look at it.  I'll read it.

21  You may be seated, sir.

22          MR. FINKEL:  Thank you, your Honor.

23          THE COURT:  Mr. Capone, is this identical to the draft

24  that was emailed to my offices except for the signatures?

25          MR. CAPONE:  Yes, your Honor.

1             THE COURT:  Ms. Blakely, please administer the oath to

2    the defendant.

3             MR. FINKEL:  My client will affirm.

4             THE COURT:  I understand.

5             (Defendant affirmed)

6             THE CLERK:  Please state your name and spell your last

7    name for the record.

8             THE DEFENDANT:  Alex Lichtenstein.  A-L-E-X,

9    L-I-C-H-T-E-N-S-T-E-I-N.

10            THE COURT:  Mr. Lichtenstein, do you understand that

11   you are now under oath and that if you any of my questions

12   falsely, your false or untrue answers may later be used against

13   you in another prosecution for perjury or for making a false

14   statement?

15            THE DEFENDANT:  Yes, your Honor.

16            THE COURT:  How old are you, sir?

17            THE DEFENDANT:  45.

18            THE COURT:  How far did you go in school?

19            THE DEFENDANT:  How far?

20            THE COURT:  Yes.

21            THE DEFENDANT:  Till 20½, 20.

22            THE COURT:  Did you graduate high school?

23            THE DEFENDANT:  It's yeshiva.

24            THE COURT:  Did you graduate yeshiva?

25            THE DEFENDANT:  Yes.

1              THE COURT:  Do you have a degree post-graduating

2    yeshiva.

3              THE DEFENDANT:  No.

4              THE COURT:  Are you able to read, write, speak, and

5    understand English?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Are you now or have you recently been

8    under the care of a doctor or a psychiatrist?

9              THE DEFENDANT:  No.

10             THE COURT:  Have you ever been treated or hospitalized

11   for any mental illness or any type of addiction, including drug

12   or alcohol addiction?

13             THE DEFENDANT:  I'm currently in out-patient rehab for

14   alcohol.

15             THE COURT:  Currently in out-patient treatment for

16   alcohol, is that correct?  You have to say yes or no.

17             THE DEFENDANT:  Yes.

18             THE COURT:  When did that commence, sir?

19             THE DEFENDANT:  I went in, the first session was July

20   11 of 2016.

21             THE COURT:  Prior to that had you ever been treated

22   for alcohol dependence?

23             THE DEFENDANT:  No.

24             THE COURT:  In the past 24 hours, sir, have you taken

25   any drugs, medicine or pills, or consumed any alcohol?

1          THE DEFENDANT:  No.

2          THE COURT:  Is your mind clear today?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Are you feeling all right?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you have an attorney here today?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Who is that?

9          THE DEFENDANT:  Mr. Richard Finkel.

10          THE COURT:  Mr. Finkel, do you have any doubt as to

11   Mr. Lichtenstein's competence to plead at this time?

12          MR. FINKEL:  I do not, your Honor.

13          THE COURT:  Mr. Lichtenstein, you heard Mr. Finkel a

14   moment ago tell me that you wish to withdraw your plea of not

15   guilty to the indictment against you and that you wish to enter

16   a plea of guilty.  Is that true, sir?  Do you wish to enter a

17   plea of guilty?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Have you had a full opportunity to discuss

20   your case with Mr. Finkel and to discuss the consequences of

21   entering a plea of guilty today?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Are you satisfied with Mr. Finkel and his

24   representation of you?

25          THE DEFENDANT:  Yes.

1          THE COURT:  On the basis of Mr. Lichtenstein's

2    responses to my questions and my observation of his demeanor as

3    he stands here before me today and on previous occasions in

4    this litigation, I make the finding that he is fully competent

5    to enter an informed plea at this time.

6          Before I accept a plea from you, sir, however, I'm

7    going to be asking you certain questions.  Those questions are

8    intended to satisfy me that you wish to plead guilty because

9    you are guilty and that you fully understand the consequences

10   of entering a plea of guilty.  I'm going to be describing to

11   you certain rights that you have under the Constitution and

12   laws of the United States.  You are going to be giving up those

13   rights if you enter a plea of guilty, sir.

14         I want you to listen to me carefully.  If you do not

15   understand anything I'm saying to you or anything I'm asking

16   you, I want you to stop me.  You can ask me anything you want.

17   You can ask Mr. Finkel anything you want.  Do you understand

18   that?

19         THE DEFENDANT:  Yes.

20         THE COURT:  My concern is to make certain that you

21   understand everything I'm saying to you and that you understand

22   everything I'm asking you.  Do you understand that?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Under the Constitution and laws of the

25   United States, sir, you have a right to a speedy and public

```
 1   trial by a jury on the charges against you which are contained
 2   in indictment S2-16 Cr. 342.  Do you understand those rights?
 3              THE DEFENDANT:  Yes.
 4              THE COURT:  If there were a trial, you would be
 5   presumed innocent and the government would be required to prove
 6   you guilty by competent evidence and beyond a reasonable doubt.
 7   You would not have to prove you were innocent at a trial.  Do
 8   you understand those rights?
 9              THE DEFENDANT:  Yes.
10              THE COURT:  If there were a trial, a jury composed of
11   12 people selected from this district would have to agree
12   unanimously that you were guilty.  Do you understand those
13   rights?
14              THE DEFENDANT:  Yes.
15              THE COURT:  You have a right to be represented by an
16   attorney at your trial and at every stage of the proceeding.
17   If you cannot afford an attorney, an attorney will be given to
18   you at no cost to you.  Do you understand those rights?
19              THE DEFENDANT:  Yes.
20              THE COURT:  If there were a trial, you would have a
21   right to see and hear all of the witnesses against you.  Your
22   Honor attorney could cross-examine them.  You would have a
23   right to have your attorney object to the government's evidence
24   and to offer evidence on your own behalf if you so desired.
25   And you would have the right to have subpoenas issued or other
```

1    compulsory process used to compel witnesses to testify in your

2    defense.  Do you understand you have those rights, sir?

3            THE DEFENDANT:  Yes.

4            THE COURT:  If there were a trial, you would have the

5    right to testify if you wanted to, but no one could force you

6    to testify if you did not want to testify.  In addition, no

7    inference or suggestion of guilt could be drawn if you decided

8    not to testify at your trial, and the jury would be so

9    instructed.  Do you understand those rights?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Do you understand that by entering a plea

12   of guilty today, you are giving up each and every one of the

13   rights I've been describing, you are waiving those rights, sir,

14   and that you will have no trial in this indictment against you?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Do you understand that you have the right

17   to change your mind right now, Mr. Lichtenstein, and you can

18   refuse to enter a plea of guilty?  You don't have to enter a

19   plea of guilty if you do not want to for any reason whatsoever.

20   Do you understand those rights?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Have you received a copy of indictment

23   S2-16 Cr. 342?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Did you read it?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Can you discuss it with Mr. Finkel?

3          THE DEFENDANT:  Yes.

4          THE COURT:  You have the right to read that indictment

5    in open court now if you wish.  Similarly, if you don't want me

6    the read it, you have the right to waive my reading of the

7    indictment.  Do you want me to read it or do you waive the

8    reading of your indictment?

9          THE DEFENDANT:  I waive.

10         THE COURT:  I accept that as a knowing and voluntary

11   waiver of the right to have the indictment read in open court

12   to Mr. Lichtenstein.

13         Do you understand that you are charged in Count Two

14   with bribing New York City Police Department officials,

15   including a payment of cash bribes, in connection with

16   obtaining gun licenses for your clients from approximately 2013

17   until 2016 in violation of 18 U.S.C. 666?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Do you understand that in Count Four you

20   are charged with offering a bribe to a New York Police

21   Department official in connection with obtaining gun licenses

22   for your clients in or about April 2016, also alleged to be in

23   violation of 18 U.S.C. section 666?  Do you understand that?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Do you understand that if you did not

1    plead guilty, the government would have to prove each and every

2    part, or element, of the charge in Count Two and Count Four

3    beyond a reasonable doubt at a trial?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Mr. Capone, would you set forth the

6    elements of section 666 that the jury would have to find beyond

7    a reasonable doubt at trial before the jury could convict Mr.

8    Lichtenstein of the charge against him.

9              MR. CAPONE:  Yes, your Honor.  Both Counts Two and

10   Four charge the same subdivision of 666, subdivision (a)(2).

11   For both counts, at trial the government would have to prove:

12             First, that the individuals who were bribed were

13   agents of the New York City Police Department;

14             Second, that the defendant corruptly gave something of

15   value and as to Count Four offered to give something of value

16   to those individuals with the intent to influence or reward

17   them in connection with the business of the NYPD, in this case

18   specifically the business of the NYPD's gun licensing division;

19             Third, that the business involved something of value

20   of $5,000 or more; and

21             Fourth that the NYPD in this case receives benefits in

22   excess of $10,000 in a one-year period in federal funding.

23             The government would have to prove those elements

24   beyond a reasonable doubt and would have to prove that venue is

25   proper in the Southern District of New York by a preponderance

1    of the evidence.

2            THE COURT:  Mr. Lichtenstein, do you understand that

3    the government would have to prove each of the elements that

4    Mr. Capone set forth beyond a reasonable doubt at trial before

5    you could be convicted?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Do you also understand that what Mr.

8    Capone referred to as the venue requirement, that is, a

9    requirement that at least one act in connection with the crime

10   had taken place within the Southern District of New York, does

11   not have to be proven by the government beyond a reasonable

12   doubt; the burden on the government for venue is to prove it

13   simply by a preponderance of the evidence?  Do you understand

14   that?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Do you understand that the maximum

17   possible penalty for the crime to which you are entering a plea

18   of guilty today, that is, 18 United States Code section 666, is

19   a maximum penalty of 10 years in prison, a maximum term of

20   supervised release of 3 years, plus a maximum fine of the

21   greatest of $250,000 or twice the gross pecuniary gain derived

22   by you from the offense or twice the gross pecuniary loss to

23   individuals other than you resulting from the offense, plus a

24   $100 mandatory special assessment?

25           THE DEFENDANT:  Yes.

12

1     THE COURT:  Do you understand that the maximum penalty

2  for Count Four is the same as it is for Count Two?

3     THE DEFENDANT:  Yes.

4     THE COURT:  I used the term "supervised release" when

5  I was describing part of the maximum penalty for the crime.

6  Supervised release, sir, means that you are going to be subject

7  to monitoring upon your release from prison, and that

8  monitoring is to be under terms and conditions which could lead

9  to reimprisonment without a jury trial for all or part of the

10  term of supervised release and without credit for time

11  previously served on post-release supervision if you violate

12  any term or condition of supervised release.  Do you understand

13  that?

14     THE DEFENDANT:  Yes.

15     THE COURT:  As part of your sentence, I also have the

16  authority to order restitution to anyone injured as a result of

17  your criminal conduct.  Do you understand that?

18     THE DEFENDANT:  Yes.

19     THE COURT:  You are pleading to two different counts

20  of this indictment, Count Two and Count Four.  Do you

21  understand that I'm going to sentence you separately on each of

22  those two counts?

23     THE DEFENDANT:  Yes.

24     THE COURT:  Do you also understand that I have the

25  authority to order you to serve your sentence either

1   concurrently, meaning I can order you to serve your prison

2   sentence on Count One at the same time as -- I'm sorry.  Let me

3   start that again.  I have the authority to order you to serve

4   your sentence on Count Two and Count Four concurrently – that

5   means at the same time.  Similarly, I have the authority to

6   order you to serve your sentence on Count Two and Count Four

7   consecutively, meaning one after the other.  Do you understand

8   that?

9            THE DEFENDANT:  Yes.

10           THE COURT:  If I do order you to serve your sentence

11   on Count Two and Count Four consecutively, that means you can

12   be sentenced for up to 20 years in prison.  Do you understand

13   that?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Do you also understand that if I accept

16   your guilty plea and determine that you are guilty, that

17   determination may deprive you of such valuable civil rights as

18   the right to vote, the right to hold public office, the right

19   to serve on a jury, and the right to possess any kind of fire-

20   arm whatsoever.  Do you understand that?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Mr. Finkel, is your client a United States

23   citizen?

24           MR. FINKEL:  Yes, he is, your Honor.

25           THE COURT:  Mr. Lichtenstein, under current law there

1  are sentencing guidelines that judges such as myself must

2  utilize in applying the factors set forth in 18 United States

3  Code section 3553(a) in determining what a reasonable and fair

4  and appropriate sense is in your case.  Have you talked to Mr.

5  Finkel about the sentencing guidelines?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Do you understand that I will not be able

8  to determine what the relevant guideline sentence is until

9  after I receive a pre-sentence report that's been completed by

10  the probation office and that you and the government have had a

11  chance to challenge any of the facts reported by the probation

12  office?

13          THE DEFENDANT:  Yes.

14          THE COURT:  In other words, the probation office is

15  going to complete a report about you and they are going to

16  interview you.  Mr. Finkel will have the right to be there.

17  When they do interview you, I want you to give them complete

18  and accurate information because I'm going to utilize that

19  report in determining what your sentence is going to be.  It's

20  going to be one of the factors that I look at.  Do you

21  understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  The probation department in that report is

24  going to tell me what they believe the appropriate guideline

25  range is here.  I ultimately will determine what the

1    appropriate guideline range is.

2              But do you understand that even after I determine what

3    the appropriate guideline range is, I have the ability to

4    impose a sentence based on a departure from the guidelines?  In

5    other words, I can depart from the guidelines and impose a

6    sentence that is higher than that set forth in the guidelines,

7    and similarly I can impose a sentence that is lower than that

8    of the guidelines.  Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Do you understand that even after I deter-

11   mine, first, what the guideline range is and, second, whether

12   or not there is an appropriate departure either upward or

13   downward from the guideline range, I then have the obligation

14   to employ all of the factors in 18 United States Code section

15   3553(a) to determine what a fair and reasonable and appropriate

16   sentence is and one that is sufficient but not greater than

17   necessary to meet the ends of the criminal justice system as

18   set forth in section 3553(a)?  Do you understand that process

19   of sentencing?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Do you also understand, Mr. Lichtenstein,

22   that if you are sentenced to prison, the system of parole that

23   used to exist in the federal criminal justice system no longer

24   exists, it's been abolished, and you will serve your term in

25   prison, you will not be released any earlier on parole?  Do you

1    understand that?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Do you understand that if Mr. Finkel or

4    Mr. Capone or anyone else has attempted to estimate or predict

5    what your sentence is going to be, that estimation or

6    prediction could be wrong?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Do you understand that even if you your-

9    self have an estimation or prediction of what your sentence is

10   going to be, that could be wrong as well?  Nobody can tell you

11   what your sentence is going to be, sir, because I'm going to

12   impose the sentence.  And I don't know what your sentence is

13   going to be because I don't know all the facts that I need to

14   know about you and the crime and your history and character-

15   istics and everything else under 3553(a).  Do you understand

16   that?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  If the sentence I impose is different from

19   what anyone has told you it might be or can be or would be or

20   should be or will be or if it's different from anything you

21   think it's going to be, do you understand you still are going

22   to be bound to this guilty plea, sir, and you won't be able to

23   withdraw it?

24           THE DEFENDANT:  Yes.

25           THE COURT:  I have the document that I referred to at

1    the beginning of this proceeding.  Mr. Finkel referred to it as

2    the plea agreement.  I'll do that, refer to it that way as

3    well.  It's six pages.  It is dated November 8th.  It is

4    addressed to Mr. Finkel.  It appears to be signed by Mr. Capone

5    and Mr. Goldstein.  I am going to mark it as Government Exhibit

6    1, I'm going to give it to my deputy, and I'm going to ask her

7    to show you the last page.

8              Is that your signature on the last page, sir?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Did you read that agreement prior to your

11   signing it?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Did you discuss it with Mr. Finkel prior

14   to your signing it?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Did you fully understand the agreement at

17   the time you signed it, sir?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Does that letter agreement, Government

20   Exhibit number 1, constitute your complete and total under-

21   standing of the entire agreement between the government, Mr.

22   Finkel, and yourself?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Is everything about your plea and sentence

25   contained in this agreement, sir?  Is anything left out?  In

other words, are there any side deals that I should know about?

THE DEFENDANT:  No.

THE COURT:  Has anyone offered you any inducements or threatened you or forced you to plead guilty or to enter into this plea agreement?

THE DEFENDANT:  No.

THE COURT:  Do you understand that in this plea agree-ment, sir, you agree to forfeit to the United States a sum of money equal to $230,000?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that in this agreement you have consented to the entry of a consent order of for-feiture and you agree that that consent order of forfeiture is going to be final at the time it is ordered by the Court?

(The defendant and counsel conferred.)

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that in this plea agreement, sir, you have set forth that based on the calculations in this plea agreement, that is, you and the government, you have stipulated that the appropriate guideline range is 57 to 71 months' imprisonment?  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that regardless of that stipulation between you and the government, I am the one who

1    will ultimately decide what the appropriate guideline range is,

2    and it could be higher than 57 to 71 months or it could be

3    lower than that range?  Do you understand that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Do you also understand that in this agree-

6    ment you have bound yourself to not file a direct appeal and to

7    not bring a collateral challenge?  In other words, you have

8    agreed that you will not file an appeal and you will not file a

9    collateral challenge if I sentence you to 71 months in prison

10   or below?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Do you understand that in this agreement

13   you have also agreed not to appeal any forfeiture amount that

14   is less than or equal to $230,000 and you have agreed not to

15   appeal any fine amount that is less than or equal to $200,000?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Do you understand that you have set forth

18   that it is the intent of the agreement to waive any defense

19   based on the statute of limitations with respect to any

20   prosecution that is not time-barred on the date the agreement

21   is signed?  Do you understand that?

22             THE DEFENDANT:  Yes.

23             THE COURT:  You have signed the agreement today,

24   correct?

25             THE DEFENDANT:  Yes.

```
 1              THE COURT:  Mr. Finkel, do you know of any valid

 2    defense that would prevail at trial or know of any reason why

 3    Mr. Lichtenstein should not be permitted to plead guilty to

 4    Counts Two and Four today?

 5              MR. FINKEL:  I do not, your Honor.

 6              THE COURT:  In your view, sir, is there an adequate

 7    factual basis to support your client's plea of guilt?

 8              MR. FINKEL:  Yes, your Honor.

 9              THE COURT:  Mr. Capone, in the view of the government

10    is there an adequate factual basis to support the defendant's

11    plea of guilt?

12              MR. CAPONE:  Yes, your Honor.

13              THE COURT:  Mr. Lichtenstein, now I want you to tell

14    me what you did in connection with Counts Two and Four that

15    make you guilty of those counts.

16              THE DEFENDANT:  During the years of 2013 to 2016 --

17              THE COURT:  Take your time, sir.

18              THE DEFENDANT:  -- I had a good and friendly relation-

19    ship with New York City police officers.  During those years I

20    gave police officers in the licensing division things of value,

21    including money, knowing that by giving them those things the

22    officers would do me favors, including expediting license

23    applications that I submitted for other people.  In April 2016

24    I agreed and offered to give a police officer $6,000 to help me

25    expedite gun license applications that I submitted for other
```

1   people.

2           THE COURT:  What did you say the value was in excess

3   of, the bribes you were offering?  I just didn't hear you.

4           THE DEFENDANT:  I offered $6,000 to a police officer.

5           THE COURT:  Earlier in your allocution.

6           THE DEFENDANT:  I said things of value.

7           MR. CAPONE:  I don't think he said a specific amount.

8   Under the statute it just has to be more than 5,000.  As long

9   as he admits it's more than 5,000 --

10          THE COURT:  Which he has done because he said it was

11  6,000.

12          MR. CAPONE:  That was Count Two.  But Count One

13  includes other bribes.  If the Court could inquire whether it

14  exceeded 5,000.

15          THE COURT:  On Count Two you mean?

16          MR. CAPONE:  Yes, your Honor.

17          THE COURT:  Did the bribes in Count Two exceed $5,000,

18  sir?

19          THE DEFENDANT:  Yes.

20          THE COURT:  The bribe in Count Four was $6,000, is

21  that correct?

22          THE DEFENDANT:  Yes.

23          THE COURT:  These were between 2013, did you say, and

24  2016?

25          THE DEFENDANT:  Yes.

1          THE COURT:  You were reading from a statement, sir.

2     That's fine.  I have no problem with that.  But I do need to

3     know that even assuming your attorney assisted you with that

4     statement, that what you were reading is true and correct.  Is

5     that right?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Did any act in connection with Counts Two

8     and Four take place in the Southern District of New York, which

9     includes Manhattan, the Bronx, Westchester, and various other

10    counties?

11         THE DEFENDANT:  Yes.

12         THE COURT:  What were those acts that took place in

13    the Southern District or at least some of them?

14         THE DEFENDANT:  I filed the applications in 1 Police

15    Plaza.

16         THE COURT:  You filed the applications for the gun

17    licenses on behalf of other people at 1 Police Plaza, which,

18    were these drapes not drawn, you could see them right next

19    door?

20         THE DEFENDANT:  Yes.

21         THE COURT:  When you did these acts, sir, did you know

22    that what you were doing was wrong and illegal?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Mr. Capone, please summarize the factual

25    evidence that the government has against this defendant.

1           MR. CAPONE:  Yes, your Honor.  The government's

2    evidence includes and would include the testimony from

3    cooperating witnesses at trial, testimony from personnel within

4    the NYPD's licensing division, in-person recordings of the

5    defendant, telephonic recordings of the defendant, emails from

6    both the defendant and NYPD officials, documents from the gun

7    licensing division, and materials seized from the defendant's

8    home among other evidence.

9           That would establish, as Mr. Lichtenstein just

10   admitted to, that he gave money and other bribes to NYPD

11   officials in order for them to approve and expedite gun license

12   applications.

13          THE COURT:  Does the government wish me to make any

14   further inquiries of the factual allocution?

15          MR. CAPONE:  No, your Honor.

16          THE COURT:  Mr. Finkel, does the defense wish me to

17   make any further inquiries on the allocution?

18          MR. FINKEL:  No, thank you, your Honor.

19          THE COURT:  Mr. Lichtenstein, how do you now plead to

20   the charges in Counts Two and Four of indictment S2 16 Cr. 342,

21   guilty or not guilty, sir?

22          THE DEFENDANT:  Guilty.

23          THE COURT:  Are you pleading guilty because you are

24   guilty, sir?

25          THE DEFENDANT:  Yes.

1    THE COURT:  Are you pleading guilty voluntarily and of

2    your own free will?

3    THE DEFENDANT:  Yes.

4    THE COURT:  Because you acknowledge that you are

5    guilty as charged, because I find you know your rights and are

6    waiving them knowingly and voluntarily, because I find your

7    plea is entered knowingly and voluntarily and is supported by

8    an independent basis in fact containing each of the essential

9    elements of the offense, I accept your guilty plea, Mr.

10   Lichtenstein, and adjudge you guilty of the offenses to which

11   you have pled.

12   I am now going to sign the consent order of forfeiture

13   that I referred to earlier.  Let me have my deputy show you the

14   last page of this.  Again, I'm going to ask you if that is your

15   signature on it.

16   THE DEFENDANT:  Yes.

17   THE COURT:  Is that, sir?

18   THE DEFENDANT:  Yes.

19   THE COURT:  Thank you.  I'm signing the consent order,

20   which will be filed as a final order.

21   Is six months appropriate for a sentencing date?

22   MR. FINKEL:  Yes, your Honor.  Could I suggest a date,

23   if it pleases the Court?

24   THE COURT:  Yes.

25   MR. FINKEL:  Could we have March 16th, your Honor?

1          THE COURT:  That's fine.  March 16th at 2 p.m.

2          Are there any applications in regard to bail?

3  Government?

4          MR. CAPONE:  No, your Honor.

5          THE COURT:  Mr. Lichtenstein, you are continued on

6  bail on the same conditions that were previously set.  Do you

7  understand that if you fail to return to my courtroom for

8  sentencing on March 16th at 2 p.m. or any adjourned date that I

9  set, you are going to be guilty of a criminal act for which you

10  could be sentenced to imprisonment separate, apart from, and in

11  addition to the sentence that I am going to impose in

12  connection with Counts Two and Four?  Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  You will be here, correct, sir, on March

15  16th or any adjourned date?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Thank you.

18          Government, is there anything else I can do for the

19  government?

20          MR. CAPONE:  No, thank you, your Honor.

21          THE COURT:  Mr. Finkel, anything else I can do for the

22  defense?

23          MR. FINKEL:  Thank you, no, your Honor.

24          THE COURT:  Thank you all.

25          (Adjourned)