

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 12, 2017

<u>By Electronic Mail</u>– **Partial Sealing Requested**

The Honorable Sidney H. Stein
United States District Judge
for the Southern District of New York
500 Pearl Street
New York, New York 10007
Fax: 212-805-7924

        Re:    <u>United States</u> v. <u>Alex Lichtenstein</u>
             16 Cr. 342 (SHS)

Dear Judge Stein:

      The Government submits this letter in response to the defendant's March 10, 2017 supplemental sentencing submission, which attached several photographs of the defendant with members of the New York City Police Department ("NYPD") and other members of the Shomrim in connection with various law enforcement matters. For the reasons stated below, these additional exhibits underscore the need for a significant sentence in this case.

      The defendant's continued emphasis on his relationship with the NYPD as an example of his good character and charitable efforts is confounding. Lichtenstein stands convicted of participating in a long-running conspiracy in which he *bribed NYPD personnel* in the Licensing Division in exchange for obtaining gun licenses for his clients. Moreover, as corroborated by detailed records maintained by the defendant that were uncovered in the investigation, his relationship with the NYPD was premised on lavish cash and gifts he bestowed not only on NYPD officers in the Licensing Division, but also on numerous other NYPD officials over a period of years. During the time period 2010 through 2013 alone, Lichtenstein gave in excess of $50,000 worth of cash and gifts to these additional NYPD officials,



The Honorable Sidney H. Stein
Page 2

███████████████ Nearly all of the bribes that the defendant made to the NYPD during this time period, as reflected in his records, were to members of the NYPD stationed in Brooklyn, where the defendant wielded influence as a high-ranking member of the Shomrim.

The defendant claimed in his plea allocution and further emphasized in his sentencing submission, including through his supplemental submission, that he maintained "good and friendly relationships" with many police officers that allowed him to help his community. While that may be true, the defendant misses the point by relying on such relationships in asking for a non-incarceratory sentence. As he admitted through his guilty plea and as corroborated by the evidence uncovered in this investigation, the defendant's relationship with the NYPD—including his access to high level officers in Brooklyn—was premised, to a great degree, on graft. That the defendant sometimes used his improperly-obtained access to deliver services for his community cannot turn an illegal act into an argument for sentencing mitigation. The Court should strongly condemn the method by which the defendant chose to develop his ties to the NYPD in fashioning an appropriate sentence. Moreover, rather than support any leniency, the defendant's submission of these additional exhibits instead should signal to the Court the need for a significant sentence to specifically deter the defendant in light of his demonstrated inability to appreciate the gravity of his criminal conduct.

For these reasons and the reasons set forth in the Government's March 9, 2017 sentencing submission, the Government again respectfully requests that the Court sentence the defendant to a sentence within the applicable Guidelines range of 57 to 71 months.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: /s/ Russell Capone
Russell Capone
Kan M. Nawaday
Lauren B. Schorr
Assistant United States Attorneys
(212) 637-2311 / 2247 / 2463

cc:   Richard Finkel, Esq. (By email: RAF@FinkelPLLC.com)
      Counsel for defendant Alex Lichtenstein